CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 26 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PEGGY WADE, ) | |
| ) | Civil Action No. 7:12-cv-00621 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN,[1] ) | By: Judge James C. Turk |
| Acting Commissioner of Social Security, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff Peggy Wade ("Wade") brought this action challenging the final decision of the Commissioner of Social Security ("Commissioner"), finding her not disabled and therefore ineligible for both supplemental security income ("SSI") and disability insurance benefits, ("DIB"), under the Social Security Act ("Act"), 42 U.S.C. §§ 401-433; 1381-1383f. This Court has jurisdiction over the action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Both Wade and the Commissioner filed motions for Summary Judgment. ECF Nos. 10, 12. Oral argument was heard on July 25, 2013 and the motions are now ripe for disposition.

The primary issue raised by Wade in this case is whether the Commissioner erred in failing to consider evidence she submitted to the Appeals Council, some of which was obtained less than three weeks after Administrative Law Judge ("ALJ") Jennifer M. Horne issued a decision denying Wade benefits. Wade submits that the evidence is new and material. She requests that the Court either remand the case back to the Agency "for further development" or that it "reverse the ALJ's decision outright and award disability and SSI benefits." ECF No. 11 at 8. Defendant counters that the new evidence provided by Wade was not material both because it

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is hereby substituted for Michael J. Astrue as the defendant in this suit.

does not relate to the period on or before the date of the ALJ's decision and because the additional information would not have changed the outcome of the case. ECF No. 13 at 1.

For the reasons set forth below, the Court concludes that Plaintiff's evidence is both new and material and that a remand to the Agency for further development is warranted. Accordingly, the Commissioner's Motion for Summary Judgment is **DENIED** and Plaintiff's Motion for Summary Judgment is **GRANTED**. The Agency's decision is **REVERSED** and this matter is **REMANDED** to the Agency pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

I.  **STANDARD OF REVIEW**

When reviewing the Commissioner's final decision, the Court's review is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether they were reached through the application of the correct legal standards. See 42 U.S.C. § 405(g); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). The Commissioner's finding of any fact is conclusive provided it is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401; Hancock, 667 F.3d at 472. Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but it "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock, 667 F.3d at 472 (citation omitted).

If the Commissioner's determinations are supported by substantial evidence, a reviewing court may not substitute its judgment for that of the Commissioner, but instead must defer to those determinations. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g); Accordingly, "[i]n reviewing for substantial evidence, we do not undertake to reweigh

2

conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ . . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal alterations and citations omitted).

## II. BACKGROUND

### A. Procedural History

Wade applied for both DIB and SSI and alleged a disability onset date of December 21, 2011.[2] R. 22, 284-96. Her claims were denied on both initial review and on reconsideration. R. 62-94.

After a hearing on February 29, 2012, ALJ Horne issued a decision on March 28, 2012, finding that Wade was not disabled due to her ability to perform her past relevant work as a jeweler. R. 19-33. The ALJ properly utilized the five-step process for determining whether a claimant is disabled. See Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520) (the five steps ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work). The ALJ first determined that Wade meets the insured status requirements of the Act through December 31, 2014 and that she has not engaged in substantial gainful activity since December 21, 2011, the amended alleged onset date. R. 24. The ALJ also concluded that Wade has the following severe impairments: cervical and lumbar degenerative disc disease, obesity, diabetes mellitus type II, and diabetic neuropathy, but that none of her impairments or combination of impairments meets or medically equals the severity of any listed impairment. Id. at 24-25.

---

[2] She had initially alleged that she was disabled beginning June 15, 2010, but later amended her onset date to December 21, 2011. R. 22.

3

Based on the evidence before her, including all the medical evidence at that point, the ALJ determined that Wade had the residual functional capacity to perform the full range of sedentary work with certain exceptions, to wit: "she can lift or carry up to 10 pounds, can sit 6 hours in an 8-hour workday, and can stand and/or walk 2 hours in an 8-hour workday, with the option to alternate sitting and standing as desired. She can only perform occasional climbing, balancing, kneeling, stooping, bending, crouching and crawling [and] would miss up to one workday per month." Id. at 25. Based on this RFC, the ALJ determined that Wade was capable of performing her past relevant work as a jeweler as normally performed. Id. at 28. Accordingly, the ALJ concluded Wade was not disabled under the Act.

After the ALJ issued her decision and while Wade's request for review was pending before the Appeals Council, Wade submitted additional medical records and evidence, as described below. The Appeals Council stated that it considered the new evidence, but nonetheless denied Wade's request for review without further explanation. R. 1-2. Wade timely filed this Complaint seeking review of the Agency's decision.

### B. Medical Evidence

#### 1. Medical Evidence Before the ALJ

As the ALJ recited with regard to Wade's medical history, she received medical treatment as early as 2008 regarding pain in her back. A thoracic CT scan in November 2008 revealed post myelogram and mild degenerative disc disease. R. 457, 460. A lumbar CT scan on the same date showed degenerative disc disease, facet arthropathy and pars fractures of the L4-L5-S1 levels. R. 462. In January and February 2011, claimant attended 6 physical therapy sessions, which resulted in some progress on her pain scale (from a 6/10 to 2/10) and a somewhat improved trunk range of motion, which allowed her to complete daily activities with decreased low back pain. R. 438-52. A June 29, 2011 lumbar MRI scan revealed mild spinal canal stenosis

and severe bilateral neural foramina narrowing, with impingement upon existing L4 nerve roots at L4-L5. She received an epidural steroid injection at the end of July, which helped with the low back pain, right leg and hip pain, but at an August 2011 appointment with Dr. Hemphill, her regular physician, Wade still complained of left leg pain. As noted, Wade stopped working and has not worked from December 21, 2011 through the present.

At a January 20, 2012 checkup, Dr. Hemphill issued a report which referenced a letter from James Vascik, M.D., and his opinion that Plaintiff was not a candidate for back surgery. Dr. Hemphill's report indicated that Wade still had significant pain down her left leg and recommended that she obtain a second neurosurgery opinion and have nerve conduction studies performed. Nonetheless, based in part on Dr. Vascik's opinion, Dr. Hemphill included in her report that Wade could probably resume working on March 1, 2012. R. 597, 602. In her decision, the ALJ gave "controlling weight" to Dr. Hemphill's January 20, 2012 report and, in particular, to Dr. Hemphill's opinion that Plaintiff could probably resume working in March 2012. R. 28.

The neurological consultation Dr. Hemphill had recommended was performed by Rollin J. Hawley, M.D. on January 26, 2012. Dr. Hawley said Wade's nerve conduction studies and EMG of her left lower extremity indicated severe sensory neuropathy. He also opined that the claimant had bilateral L5-S1 radiculopathy, causing her low back, bilateral buttock, and lower extremity pain. For her diabetic neuropathy, Dr. Hawley suggested continued blood sugar control and a multiple B vitamin. For her lumbar radiculopathy, he suggested conservative care of her low back including weight loss and pain medications for her related pain. See R. 754-755.

On February 2, 2012, Dr. Vascik informed Wade that Dr. Hawley's electrical study showed diabetic neuropathy in her lower extremities, which caused numbness and tingling down her legs. He told her to work with Dr. Hemphill to keep her blood sugar levels under control and prevent worsening of her symptoms. R. 769.

5

## 2. Additional Medical Evidence Presented to the Appeals Council

The additional evidence that Plaintiff presented to the Appeals Council consists of medical records from April through October 2012, including a record of Wade's return visit to Dr. Hemphill on April 16, 2012, less than three weeks after the ALJ's decision. At that time, Dr. Hemphill opined that plaintiff was "clearly in pain and cannot work currently." R. 776. She also referred plaintiff to see Dr. Carmouche for a cervical/spinal evaluation and to obtain a second neurosurgery opinion.

Shortly thereafter, on April 20, 2012, an MRI of Wade's cervical spine was performed, which was also submitted as new evidence. R. 771-72. The MRI showed degenerative changes especially at C5-C6 and C6-C7; facet joint arthritis at C4-5 anterior and posterior osteophytosis at C5-C6 with broad disc osteophyte complex causing some impression on cord and mid central canal narrowing; and moderate left sided and severe right-sided foraminal narrowing. Id.

The records also include a July 3, 2012 report from Dr. Carmouche, who is an orthopedic surgeon. Dr. Carmouche reviewed Wade's recent diagnostic tests and opined that Wade suffered from a herniated disk and that surgery would in fact help her. Dr. Carmouche also explicitly stated that he reviewed Dr. Vascik's note and that he "disagree[d] with the suggestion that there is no surgical treatment. She has a spine deformity, moderate to severe stenosis at L4-5 and severe foraminal narrowing at L4-5." R. 798. Dr. Carmouche also noted that Plaintiff could not stand upright and was in considerable pain. Id.

## III. DISCUSSION

Plaintiff argues that the additional evidence she submitted to the Appeals Council casts grave doubt on the ALJ's finding that Plaintiff was not disabled. As the Fourth Circuit has explained, when additional evidence is submitted to and considered by the Appeals Council, but review is nonetheless denied, a court must consider the entire administrative record, including

the additional evidence, to determine whether the ALJ's decision is supported by substantial evidence. Wilkins v. Sec'y Dept. of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991).

The parties agree that, to justify a remand for consideration of new evidence, the evidence must be "new and material." See ECF No. 13 at 5 (citing Wilkins, 953 F.2d at 95-96); ECF No. 11 at 3 (arguing the evidence submitted to the appeals council was both "new and material"). As explained by the Fourth Circuit, "[e]vidence is new . . . if it is not duplicative or cumulative . . . [and] is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 96. It must also "relate[] to the period on or before the date of the ALJ's decision." Id.

The Agency contends that the additional evidence here does not relate to the relevant time period, and further argues that the additional evidence is not material because it would not have changed the decision of the ALJ. See ECF No. 13 at 1, 5-6. As explained herein, neither of these arguments is persuasive on the specific facts here.

First, although the examinations and tests contained in the new evidence admittedly occurred after the ALJ's decision, it is clear that they relate to impairments that Wade had during the relevant period, as well as the severity of—and restrictions necessitated by—those impairments. In particular, Ms. Wade's impairments did not occur overnight (or during the course of a few weeks or likely even months). Thus, these new tests and opinions from her treating physicians relate back to the relevant time period. See, e.g., Reynolds v. Astrue, 2008 WL 3910833, *3 (W.D. Va. 2008) (noting that evidence from the months subsequent to the decision of the ALJ were relevant to the period of time adjudicated by the ALJ where there was no basis to "support . . . the assertion that [the claimant's] back condition changed to any appreciable degree in [that] three or four month period" and where an MRI establishing disc herniation was completed "less than two months" after the ALJ's decision); cf. Bird v. Astrue,

7

699 F.3d 337, 340 (4th Cir. 2012) ("Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's [date of last insured].").

The Court also finds unconvincing the Commissioner's arguments that the new evidence is not material. Notably, in her decision the ALJ gave "controlling weight" to Dr. Hemphill's opinion (as expressed in January 2012) that Wade could probably return to work in March. In April, however, Dr. Hemphill's opinion, based on new information, had changed. Because the ALJ did not have that evidence, and because the Appeals Council did not consider it, there is no way for this Court to determine whether–or how–the Agency would have reconciled these two opinions.

Similarly, the new evidence included Dr. Carmouche's opinion that Wade suffered from a herniated disk and that surgery would in fact help her. Dr. Carmouche also explicitly stated that he reviewed Dr. Vascik's note and that he "disagree[d] with the suggestion that there is no surgical treatment. She has a spine deformity, moderate to severe stenosis at L4-5 and severe foraminal narrowing at L4-5." R. 798. Moreover, Dr. Carmouche noted that Plaintiff could not stand upright and was in considerable pain. Id. Again, there is nothing in the Agency's final opinion that indicates how to reconcile Dr. Carmouche's opinion with Dr. Vascik's or why Dr. Vascik should have been credited instead of Dr. Carmouche.

Additionally, one of the reasons that the ALJ discounted Wade's complaints of pain was because of the fact that Dr. Vascik's statement that she did not need surgery. R. 27-28. Much of the new evidence, however, supports Plaintiff's complaints of pain and significantly bolsters Plaintiff's credibility on this issue. Thus, when presented with this new evidence, the ALJ may well make a different decision. Similarly, the ALJ said there was no evidence of problems with Wade's arms or hands and thus discounted her testimony that she had difficulty with hand pain.

8

R. 28. But the additional medical evidence in fact supports her claim that her hands and arms might have been affected because it showed she had a herniated cervical disk, which could cause weakness, numbness, pain or tingling in the arms and hands. See R. 798.

In terms of whether remand is warranted, this case is akin to Meyer v. Astrue, in which the Fourth Circuit concluded that a remand was proper. 662 F.3d 700 (4th Cir. 2011). In Meyer, as here, the new evidence included a report from a treating physician that contradicted the ALJ's decision of non-disability. The Meyer court reasoned:

> The evidence in this case, however, is not as one-sided as that in [other cases previously discussed]. On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

662 F.3d at 707.

Similarly, the Court concludes that the case at bar requires remand. The new evidence includes a report from a treating physician, the same one that the ALJ assigned "controlling weight" to with regard to her earlier report. That physician believed Wade would be able to return to work at the time of the ALJ's decision, but in a report issued less than three weeks after the ALJ's decision, stated that Wade clearly could not work. Furthermore, the additional evidence from Dr. Carmouche (including his opinion that Plaintiff had a herniated disc and was a

9

candidate for surgery) conflicts with Dr. Vascik's earlier report. As noted, tests Dr. Carmouche reviewed also answer some of the ALJ's questions as to whether Wade's complaints were credible.

In short, just as in Meyer, "no fact finder has made any findings as to the treating physician's [new] opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record" and this Court "cannot undertake" such an assessment "in the first instance. See id.; see also, e.g., Burton v. Colvin, 2013 WL 3551120, *3 (D.S.C. July 11, 2013) ("In light of the new evidence that appears to conflict with one or more critical bases in the ALJ's opinion, and the lack of explanation by the Appeals Council as to why that new evidence did not affect Plaintiff's disability determination, the court cannot say that the ALJ's decision is supported by substantial evidence.").[3]

## IV. CONCLUSION

For the foregoing reasons, this Court **REVERSES** the defendant's final decision and **REMANDS** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court also **DENIES** the Commissioner's Motion for Summary Judgment, ECF No. 12, and **GRANTS** the Plaintiff's Motion for Summary Judgment, ECF No. 10. An appropriate order shall issue this day.

---

[3] To the extent that Wade argues that the Appeals Council was deficient for not discussing the new evidence, the Court disagrees. The decision of the Appeals Council indicates that it did review the additional evidence Wade submitted, but nonetheless denied review. see R. 1-2 (Notice of Appeals Council Action) ("In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. . W found that this information does not provide a basis for changing the [ALJ's] decision."). The Appeals Council's failure to discuss the additional evidence in any detail, however, is not a grounds for reversal or remand. While it might have been helpful to this Court had the Appeals Council explained its determination, there is no such requirement imposed on the Appeals Council where it denies review. See Meyer, 662 F.3d at 705-06 (the regulatory scheme of the Act does not require the Appeals Council to articulate its reasons for denying review even where it considers new evidence, although such an analysis "would [be] helpful for purposes of judicial review").

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTER:** This 26th day of August, 2013.

/s/ James C. Turk
James C. Turk
Senior United States District Judge